**CITY OF SCRANTON v. ÆTNA CASUALTY & SURETY CO.**

No. 6514.

Circuit Court of Appeals, Third Circuit.

Feb. 8, 1938.

Jerome I. Myers, and John R. Edwards, both of Scranton, Pa., for appellant.

Reese H. Harris, and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellee.

Before BUFFINGTON, and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In this case it appears that George Deckelnick was treasurer of the City of Scranton and gave a bond to the city with the Ætna Casualty & Surety Company as surety, conditioned that he "shall pay over to the persons authorized by law to receive the city's money that may come into his hands during said term as provided by law." By Act of March 7, 1901, P.L. 20, art. 7, 53 P.S.Pa. § 8795, the state of Pennsylvania, as applicable to the City of Scranton, provided that its city treasurer "shall make daily deposits of all moneys received by him in such banks or institutions as may be designated by councils." It further appears said treasurer fully complied therewith by depositing in banks selected by the city all moneys received by him. Unfortunately these banks failed. Thereupon the city demanded from the treasurer the sums due by the depository banks, under the clause in the surety bond which provided "and at the expiration of said term * * * shall turn over all city records and property which may come into his hands," and this demand being refused, the city brought this suit against the surety, a corporate citizen of Connecticut. By stipulation, the jury was waived and the case was tried by the judge who entered judgment for the surety, thereupon the city took this appeal.

As quoted above, the surety bond was to be released if the treasurer deposited the city money in city designated banks. This the treasurer did; consequently, the obligation of the surety was complied with. The authorities cited by the judge support his holding. So regarding, the judgment below is affirmed. The facts of this case are wholly different from those in Commonwealth v. Baily, 129 Pa. 480, 10 A. 764.